ALFRED MORRISSETTE *vs.* JAMES BEATTE.

JANUARY 9, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

74

CAPOTOSTO, J. This action of trespass on the case for slander was tried before a justice of the superior court sitting with a jury. At the close of the testimony, the court, on defendant's motion, directed a verdict for the defendant on the ground that the alleged language as used did not charge a crime but was mere "base vulgarity", and that no actual damage had been proved. The case is before us solely on plaintiff's exception to this ruling.

The plaintiff and defendant were exhibitors at a horse show. In the course of an angry altercation following a decision of the judges, the defendant used a filthy term allegedly addressed to the plaintiff, meaning coition by one man with another *per os*.

The plaintiff, in the absence of any proof of actual damage, nevertheless contends that the mere use of such term is slanderous *per se* as it imputes either the crime of sodomy, under a liberal construction of that word, or a crime under general laws 1938, chapter 610, § 12. The defendant, on the other hand, contends that the term is not sodomy at common law; that it does not come within the meaning of the statute, as the statute merely provides a punishment for sodomy in its strict sense; and finally, that even though it might in certain circumstances impute the commission of a crime either at common law or under the statute, yet in the instant case the mere use of the term, without other language or circumstances tending to show that the defendant intended to charge the plaintiff with the actual commission

of such crime, was nothing more than extreme vulgarity in the nature of a vile expletive.

General laws 1938, chap. 610, § 12 is as follows: "Every person who shall be convicted of the abominable and detestable crime against nature, either with mankind or with any beast, shall be imprisoned not exceeding 20 years nor less than 7 years."

The use of this vile term alone is not sufficient to subject this defendant to liability for slander unless it is clear that the term was used actually to impute the offense connoted thereby. Such term is at times used recklessly and without any conception of its import, as for example in the heat of anger by persons otherwise incapable of giving vent to indignation crying out for expression at some real or fancied wrong at the hands of another. With such persons in such a frenzy, so vile a term, as the one spoken by the defendant in the instant case, may be used without at all connoting that the person to whom it is addressed has in fact committed the crime that it implies.

The instant case for slander is based solely upon the mere utterance of the term in question. The innuendo connected with that term in plaintiff's declaration is limited to a statement of its general meaning. The plaintiff does not allege that in using such term the defendant meant to charge him with actually committing sodomy in its broad sense, or the "crime against nature". We are therefore confronted with quite a different situation from the one presented in a criminal case for sodomy at common law or for a "crime against nature" under the statute, where the offense is set out with that degree of certainty respecting time, place and person as the circumstances reasonably permit. In our judgment, the decisions in such cases are not controlling in the instant case for slander.

Assuming, without deciding, that G. L. 1938, chap. 610, § 12 either extends the original meaning of sodomy at com-

mon law or, using general language because of the degraded nature of the subject involved, intends to make every act of unnatural coition a "crime against nature", we are nevertheless of the opinion that the mere use of the term in question in sudden anger or the heat of passion, unaccompanied by language or other circumstances which, fairly considered, would be understood as charging the plaintiff with having actually committed an act of unnatural coition, is insufficient to support an action for slander. The use of such language is inexcusable and deserves the severest condemnation. But, no actual damage to the plaintiff having been shown, we are constrained to hold that there was no error in directing a verdict for the defendant.

The plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.